



ENTERED
03/01/2017

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| KEVIN ALLEN MONFORT § | CASE NO: 15-30812 | |
| Debtor(s) § | | |
| § | CHAPTER 7 | |
| § | | |
| JULIANNE M. MCCORD § | | |
| Plaintiff(s) § | | |
| § | | |
| VS. § | ADVERSARY NO. 15-03121 | |
| § | | |
| KEVIN ALLEN MONFORT § | | |
| Defendant(s) § | | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Complaint of Julianne McCord ("Plaintiff") objecting to the dischargeability of certain debts against Kevin Monfort ("Debtor"). Plaintiff seeks denial of Debtor's discharge pursuant to 11 U.S.C. § 727(a)(4)(A), or alternatively, denial of Debtor's discharge to Plaintiff pursuant to 11 U.S.C. § 523(a)(5) and 11 U.S.C. § 523(a)(15). The parties stipulated at trial that the debt owed by Debtor to Plaintiff is not dischargeable, leaving only the amount owed and credits due to be decided by the Court. Plaintiff also seeks allowance of attorney's fees and costs.

This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 157,

11 U.S.C. § 523, and 11 U.S.C. § 707.

Upon consideration of the pleadings, the exhibits, and the evidence presented at trial, the Court orders Debtor's overpayment of $11,700.00 credited against the $5,978.63 in child support arrears of unreimbursed medical expenses. The remaining $5,721.37 overpayment is not credited against the $82,051.48 judgment. The Court further finds Plaintiff is entitled to an award of $9,287.90 for her reasonable and necessary attorney's fees.

## I. Factual and Procedural Background

Plaintiff and Debtor were previously married, which ended in divorce on July 10, 2006. On September 20, 2006, the 310th Judicial District Court of Harris County entered the Reformed Agreed Final Decree of Divorce ("Decree of Divorce"). The Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on February 9, 2015. Plaintiff filed this adversary proceeding against the Debtor on May 8, 2015.

Under the Decree of Divorce, Plaintiff was awarded the sum of $85,000.00 "in consideration of the tort claim and reimbursement claims made in this case." *Pl. Exh. 1*. The Decree of Divorce also required Debtor to pay child support of $500.00 per month beginning September 1, 2006, to continue until the child reaches the age of eighteen years. *Id.* Further, the Debtor was obliged to pay for fifty percent of all

reasonable and necessary health-care expenses not paid by insurance, incurred by or on behalf of the child. *Id.* Child support payments were ordered to be paid to the state disbursement unit through wage withholding by the Debtor's employer. *Id.*

Although the child of the Debtor and Plaintiff turned eighteen years old on July 13, 2014, the Debtor did not take steps to cease wage withholdings with the state disbursement unit. *Trial Transcr. p. 10-11.* Consequently, the Debtor overpaid child support in the amount of $11,700.00.

The parties appeared for trial on May 24, 2016. At the beginning of the trial, the parties stipulated on the record that the total amount owed by the Debtor under the Decree of Divorce judgment is $82,051.48, including accrued interest. The parties further stipulated that the amount of unpaid, uninsured medical reimbursement owed by the Debtor to Plaintiff is $5,978.63.

The Debtor requested the Court to apply the overpayment amount as a credit towards the amount owed to Plaintiff for medical reimbursements and the unpaid judgment. Conversely, Plaintiff argued that the overpayment was a voluntary payment on behalf of the child and should not be applied towards the amounts owed. At issue is also Plaintiff's Motion for Attorneys' Fees and Cost of Litigation, seeking an award of $9,287.90 for her reasonable and necessary attorney's fees.

## II. Discussion

A. Application of Debtor's Wage Withholding Overpayment

Exceptions to discharge are determined by 11 U.S.C. § 523 which provides, in part:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual from any debt–
>
> ...
>
> (5) for a domestic support obligation; or
>
> (15) to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit . . .

11 U.S.C. § 523(a)(8).

Under the Texas Family Code,

> If current support is no longer owed, the court or the Title IV-D agency shall order that income be withheld for arrearages, including accrued interest as provided in Chapter 157, in an amount sufficient to discharge those arrearages in not more than two years.

Tex. Fam. Code § 158.004.

Debtor was ordered under the Decree of Divorce to pay "50 percent . . . of all reasonable and necessary health-care expenses not paid by insurance and incurred by or on behalf of the child . . . for as long as child support is payable under the terms of this decree." *Pl. Exh. 1*. The Decree of Divorce identifies this court-ordered

-4-

medical support as "additional child support." *Id.* There is no evidence that the overpayments made by Debtor through wage withholdings were *direct* payments made voluntarily to Plaintiff herself. *See Ochsner v. Oschsner*, 2016 WL 3537255, 4 (Tex. 2016) (noting the difference between voluntary direct payments by obligor and payments made through a registry). In contrast to the cases cited by Plaintiff in her post-trial briefs, there is no evidence that Debtor made any direct payments to Plaintiff, whether voluntarily as a gift or as payment towards the amounts owed under the Decree of Divorce. *See Norman v. Norman*, 683 S.W.2d 548, 551 (Tex. App.–Fort Worth, 1985), *rev'd on other grounds*, 692 S.W.2d 655 (Tex. 1985) (finding direct excessive payments made by obligor to obligee was a gratuitous decision). Although Plaintiff argued in her post-trial briefs that there were no arrearages owed, the parties stipulated and the evidence shows that Debtor was in arrears for the unreimbursed medical expenses. *Pl. Exh. 4*. Thus, the wage withholding payments were not for future medical support, but for payment of child support arrears.

Debtor's employer was ordered under the Decree of Divorce to withhold all amounts from Debtor's disposable earnings in accordance with the scheduled amounts, and the amounts withheld shall "constitute a credit against the child support obligation." *Pl. Exh. 1*. Debtor testified at trial that he did not terminate the wage order because he believed money was still owed for medical reimbursements and

never intended the continued payments to be a gift to Plaintiff. *Trial Transcr. p. 11.* Consequently, the overpayment was neither voluntary nor intended to be gratuitous. The Court therefore orders the overpayment of $11,700.00 credited towards the unreimbursed child support medical expenses in the amount of $5,978.63. The remaining $5,721.37 overpayment cannot be applied to the $82,051.48 judgment, as the judgment is for "consideration of the tort claim and reimbursement claims," rather than child support. *Pl. Exh. 1.*

### B. Plaintiff's Attorney's Fees

Under the American rule, "each party to a lawsuit must bear his or her own costs and the prevailing litigant cannot collect attorney fees from the losing litigant as a general rule." *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). An exception to the American rule exists when "a provision in a contract allows them." *Id.*

The Decree of Divorce provides:

> The [c]ourt finds that the parties have entered into an agreement as contained in this Agreed Decree of Divorce by virtue of having approved this decree as to both form and substance. To the extent permitted by law, the parties stipulate the agreement is *enforceable as a contract* (emphasis added). The [c]ourt approved the agreement of the parties as contained in this Agreed Final Decree of Divorce.

*Pl. Exh. 1.*

The Court finds Plaintiff is entitled to recovery of her reasonable and necessary attorney's fees based on the contractual provision contained in the Decree of Divorce. Even though the parties stipulated at trial to the nondischargeability of the debt, Plaintiff was nevertheless forced to file and maintain this adversary proceeding to enforce the terms of the Decree of Divorce. Further, although the Debtor admitted to the nondischargeability of the debt in his answer to Plaintiff's complaint, the answer simultaneously requested that the Court deny the objection to the dischargeability of the debt. *Docket Entry No. 4.* The Court finds that Plaintiff would not have been required to incur additional attorneys' fees if Debtor had reaffirmed the debt and stipulated to the nondischargeable nature of the debts without the necessity of filing an adversary proceeding to enforce the terms of the Decree of Divorce.

Lastly, since the fees stem from the same basis as the nondischargeable debt, Plaintiff's attorney's fees are similarly nondischargeable. *See Horton v. Robinson (In re* Horton), No. 95-10023, 1996 WL 255304 (5th Cir. May 3, 1996); *Kelly v. Kelly (In re* Kelly*)*, 385 B.R. 877, 884 (Bankr.S.D.Tex. 2008) (holding a "creditor who prevails under 11 U.S.C. § 523 is entitled to recover its attorney's fees and have them held nondischargeable along with the debt if the prevailing creditor has a statutory or contractual right to recover attorney's fees"). Plaintiff has prevailed in having the debt declared nondischargeable, and she has incurred reasonable and necessary attorney's fees to maintain her adversary proceeding. Therefore, Plaintiff is entitled

to recover her attorney's fees in the amount of $9,287.90.

### III. Conclusion

For these reasons, the Court finds Debtor's overpayment of child support through wage withholding in the amount of $11,700.00 is entitled to be credited towards Plaintiff's unreimbursed medical expenses in the amount of $5,978.63. Plaintiff is awarded reasonable and necessary attorney's fees in the amount of $9,287.90 pursuant to the contractual provision contained in the Agreed Final Decree of Divorce.

Signed this 1st day of March, 2017 at Houston, Texas.

KAREN K. BROWN
UNITED STATES BANKRUPTCY JUDGE